IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAWRENCE JUSTIN MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. 21-846 (MN)** |
| ) | Superior Court of the State of Delaware |
| PIVOT OCCUPATIONAL HEALTH, et al., ) | in and for New Castle County |
| ) | C.A. No. N21C-03-232-WCC |
| Defendants. ) | |

**MEMORANDUM OPINION**

Lawrence Justin Mills, Silver Spring, MD – *Pro Se* Plaintiff

Phillip Anthony Giordano and William M. Kelleher, GORDON, FOURNARIS & MAMMARELLA, Wilmington, DE – Attorneys for Defendants Pivot Occupational Health and Pivot Physical Therapy

Aaron E. Moore, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, DE – Attorney for Defendants Officer David Winch and Office Timothy Hader

February 15, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Lawrence Justin Mills ("Plaintiff" or "Mills"), who proceeds *pro se*, filed this action in the Superior Court of the State of Delaware in and for New Castle County on May 14, 2021. (D.I. 1-1 at 4). The matter was removed to this Court on June 11, 2021. (D.I. 1). Defendants Officer David Winch ("Winch") and Officer Timothy Hader ("Hader") (together "Defendants") move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. (D.I. 11). The matter is fully briefed. Plaintiff seeks default judgment against Defendant Kristen Crispen ("Crispen"). (D.I. 24).

I.  **BACKGROUND**

On March 19, 2019, at approximately 3:05 a.m., Hader, an officer with the Delaware River & Bay Authority ("DRBA"), clocked Mills at 79 m.p.h. while driving over the Delaware Memorial Bridge. (D.I. 1 ¶ 11; D.I. 12-1 at 31). As Hader followed Mills, he observed Mills slow to 33 m.p.h. and make an unsafe lane change as Mills pulled over after Hader had turned on his emergency lights. (D.I. 12-1 at 31). Hader asked Mills, "[y]ou had anything to drink tonight", and Mills responded, "No sir". (D.I. 1-1 at 21). Hader returned to his patrol car and told his partner that Mills smelled like stale alcohol. (*Id*. at 22-23). A background check revealed that Mills had a prior DUI in Maryland. (*Id*. at 23). Hader returned to Mills' vehicle and asked Mills to exit the vehicle. (*Id.* at 25). Mills stated that he would not take a field sobriety test. (*Id*.).

Hader arrested Mills and took him to the police station where Hader repeatedly asked Mills to take a breathalyzer test. (D.I. 1-1 at 9). Mills asked that an attorney be present. (*Id*.). At that point, Hader sought a search warrant for purposes of determining Mills' blood alcohol level. (*Id.* at 34). Justice of the Peace Court Judge Skelley approved the search warrant for a blood draw. (D.I. 1-1 at 34; D.I. 12-1 at 46-47). Defendant Kristin Crispin, a phlebotomist with the Pilot

Defendants, completed the blood draw, and it indicated that Mills had a blood alcohol level of 0.11g/100 ml. (D.I. 1-1 at 35; D.I. 12-1 at 37-38).

Mills was cited with driving a vehicle under the influence of alcohol; failure to have insurance identification in possession; failure to have registration card in possession; driving a motor vehicle at slow speed as to impede flow; improper lane change; and speeding in excess of posted limits. (D.I. 12-1 at 40-41). On September 4, 2019, Mills filed a motion to suppress the results of his blood draw. (*Id*. at 43-44). On October 14, 2019, prior to a ruling on a motion to suppress, Mills pleaded guilty to reckless driving with alcohol involved. He was sentenced to probation and ordered to complete a DUI program. (*Id*.). The other charges were nolle prossed. (*Id*.).

Mills alleged that Hader's search warrant affidavit included false statements and that Judge Skelley would not have granted the blood draw search warrant but for the alleged false statements. (D.I. 1-1 ¶¶ 19, 20). On December 18, 2019, Mills filed an internal affairs complaint against Hader. (*Id*. ¶ 25). Winch investigated the complaint and concluded that it was unfounded. (*Id*.). Mills alleges Winch issued his "unfounded" finding "while knowing that Hader had manufactured evidence, and in doing so negligently supervised Hader" and "negligently retain[ed] Hader." (*Id.* ¶¶ 26 - 29).

Counts I and II are raised pursuant to 42 U.S.C. § 1983. Count I alleges that Defendants violated Mills' Fourth Amendment rights by conducting an "unreasonable search and seizure." (D.I. 1-1 at 11-12). Count II alleges that Defendants violated Mill's substantive due process rights under the Fourteenth Amendment as a result of a conspiracy between Hader and Crispin to "insert a needle into Mills' arm against his will." (*Id*. at 12-14). Counts III, IV, V, and VI are raised

under Delaware law. Count III asserts battery against Crispin and other defendants.[1] Count IV asserting negligence purports to be raised against Defendants but the only allegations are that Crispin was negligent, including by "breaching her duty to obtain consent for any medical procedure." (D.I. 1-1 at 14-15). Counts V and VI are raised against Winch. Count V alleges negligent supervision of Hader and Count VI alleges the negligent retention of Hader. (*Id.* at 15, 16). Plaintiff seeks compensatory and punitive damages. (*Id*. at 16-17).

Defendants move to dismiss on the grounds that the warrant was issued with probable cause, the federal claims are *Heck* barred, and Defendants have governmental immunity from the tort claims raised under Delaware law. (D.I. 11, 12). Plaintiff seeks a default judgment against Crispin who has not answered or otherwise appeared. (D.I. 24).

## II. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even

---

[1] The other defendants are Pivot Occupational Health and Pivot Physical Therapy.

3

if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

#### A. *Heck v. Humphrey*

Defendants move for dismissal under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the so-called *Heck* doctrine, Defendants argue that the Fourth Amendment unlawful search and seizure claim and the Fourteenth Amendment substantive due process claims are barred. Mills responds that *Heck* is inapplicable to the § 1983 claims.

In reviewing a motion to dismiss pursuant to *Heck*, a court construes the Complaint in the light most favorable Plaintiff. *Curry v. Yachera*, 838 F.3d 373, 377 (3d Cir. 2016). Under *Heck*,

no cause of action exists under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" or would "necessarily imply the invalidity of" the conviction, unless the conviction or sentence has been reversed, vacated, expunged, or otherwise favorably terminated. *Heck*, 512 U.S. at 486-87. Mills' lawsuit is barred under § 1983 if "establishing the basis for the . . . claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82; *see*, *e.g.*, *Nelson v. Jashurek*, 109 F.3d 142, 145 (3d Cir. 1997). A case-specific approach is required to determine whether a plaintiff's success on his § 1983 claim would necessarily imply the invalidity of his conviction, because a court must compare the content of the plaintiff's § 1983 claims with the basis of his conviction. *See Gibson v. Superintendent*, 411 F.3d 427, 447-49 (3d Cir. 2005), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).

The claims in Count I[2] rest upon allegations that the search warrant was wrongfully obtained. Mills alleges that Hader's extension of the traffic stop into a DUI investigation was constitutionally impermissible, unreasonable, and that Hader fabricated evidence. Mills challenges the legality of the search warrant under the Fourth Amendment and in turn, alleges that he did not consent to the blood draw. Similarly, in Count II[3] he challenges the blood draw as violating his substantive due process rights under the Fourteenth Amendment.[4] Mill's due process

---

[2] Any claim raised against Winch in Count I fails for lack of personal involvement. At no point is Winch mentioned in Count I. Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, Winch is "liable only for [his] own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015).

[3] Any claim raised against Winch in Count II fails for lack of personal involvement. At no point is Winch mentioned in Count II. *See* n.2.

[4] This Court liberally construes Count II as alleging the Fourteenth Amendment Due Process Clause's substantive protections of the right to bodily integrity. The Fourteenth

5

claim is merely a rehash of his Fourth Amendment claim by another name. It is clear that the claims in Counts I and II are inextricably intertwined.

The blood draw resulted in a finding of 0.11 grams of alcohol per 100 milliliters of blood. This evidence was the basis for the charge of driving a vehicle under the influence of alcohol and Mills' guilty plea to reckless driving with alcohol involved. A favorable ruling on Mills' challenges to the validity of the seizure of blood evidence in this proceeding would necessarily imply the invalidity of his conviction in the state criminal case. *See Hicks v. Johnson Cty. Law Enf't Ctr.,* 134 F. 3d 368, 1997 WL 811680 *1 (5th Cir. 1997) ("If the blood sample was used to obtain the criminal conviction, as the district court correctly reasoned, the constitutionality of the seizure of the sample would implicate the validity of Hick's conviction") (citation to district court omitted). Mills' claims in Count I and II implicate the validity of his conviction. He has not alleged nor proven that his conviction or sentence was reversed or invalidated as required by *Heck*. *See Rosenbert, v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 641 (E.D. Pa. 2014) ("As Plaintiff pleaded guilty to driving under the influence of alcohol, a finding that he was searched or arrested without probable cause, which would likely result in the suppression of his blood alcohol level, would necessarily imply the invalidity of the conviction.").

Therefore, the Court will grant Defendants' motion to dismiss Counts I and II as *Heck* barred.

---

Amendment Due Process Clause arguably protects bodily integrity, at least when it "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952).

B.     **Negligence Claims under State Law**

Defendants move for dismissal of the state negligence claims on the grounds that they are immune from suit under the Delaware Tort Claims Act. Under the Tort Claims Act there can be no claim for relief where the act was done without gross or wanton negligence. *See* 10 Del. C. § 4001(3). The Tort Claims Act extends to any political subdivision of the State. *See* 10 Del. C. § 4003. The DRBA is an agency of the State of Delaware. *See Roberts v. Delmarva Power & Light Co.*, 2 A3d 131, 146 (Del. Super 2009). Hader and Winch are both employees of the DRBA and, therefore, are immune from suit under 2 Del. C. § 708.[5]

In addition, Count IV makes no reference to Hader or Winch and does not allege their negligence in any manner. Counts V and VI allege that Winch failed to conduct a review of Mills' internal affairs complaint and hold Hader accountable, while Count VI alleges that Winch is liable for negligently retaining Hader. The claims fail as a matter of law. Although "Delaware law recognizes claims of negligent hiring and supervision of employees, . . . liability is imposed on the employer where the employer is negligent, not on supervisors." *Greenfield for Ford v. Budget of Delaware, Inc.*, C.A. No. N16C-07-115 FWW, 2017 WL 5075372, at *4 (Del. Super. Ct. Oct. 31, 2017), *aff'd sub nom. Greenfield as Next Friend for Ford v. Miles*, 211 A.3d 1087 (Del. 2019); *see also Fanean v. Rite Aid Corp. of Del., Inc.*, 984 A.2d 813, 825-26 (Del. Super. 2009).

Accordingly, Defendants' motion to dismiss the negligence claims raised in Counts IV, V, and VI that are raised under Delaware will be granted.

---

[5]     The statute provides that "[n]o action or suit sounding in tort shall be brought or maintained against the State or any political subdivision, or the officers, agents, servants or employees of the State or any political subdivision, on account of any act done in or about the construction, maintenance, enlargement, operation, superintendence or management of any airport or other air navigation facility."

V.   **DEFAULT JUDGMENT**

Mills seeks default judgment against Crispen pursuant to Fed. R. Civ. P. 55(b)(2). (D.I. 24). Crispen was personally served by the New Castle County Sheriff's Office on May 28, 2021. (D.I. 13, Ex. 1). A Clerk's Entry of Default was entered on August 11, 2021. (D.I. 21).

Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). As a threshold matter, when ruling upon a motion for default judgment, a court is required to determine if there are any jurisdictional defects. *See Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (citing *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 812 (3d Cir. 1991)). This includes consideration of whether proper service of the complaint has been effectuated because, in the absence of proper service, the court lacks personal jurisdiction over a defendant. *See e.g.*, *Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Here, Crispen was properly served and this Court has jurisdiction. Mills alleges Crispen is a state actor and raises claims against her pursuant to 42 U.S.C.§ 1983 for unreasonable search and seizure and substantive due process and State law claims for battery and negligence.

"[W]here a court enters a default judgment, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citation omitted). Entry of a default judgment is largely a matter of judicial discretion; however, the Court's "discretion is not without limits" and the preference is "that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d at 1181. In exercising its discretion, the Court must consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether

defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Crispen appears to have a litigable defense. All claims against Crispen are time-barred. Mills alleges actions taken by Crispen on March 19, 2019, yet he did not file his Complaint in the Superior Court until May 14, 2021. In Delaware, the statute of limitations for battery and negligence is two years. *See* 10 Del. C. § 8119 (Under Delaware law, no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of two years from the date upon which it is claimed that such alleged injuries were sustained); *see also Adams v. Gelman*, C.A. No. N15C-03-030 MMJ CCLD, 2016 WL 373738, at *6 (Del. Super. Jan. 28, 2016) (two year statute of limitations for battery claims). Similarly, a complaint pursuant to 42 U.S.C. § 1983 is governed by a two-year statute of limitation since it is characterized as a personal injury claim and, thus, is governed by the applicable state's statute of limitations for personal-injury claims; in Delaware two years. *See Woodson v. Payton*, 503 F. App'x 110, 111 (3rd Cir. 2012); *see also Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Plaintiff's claims accrued on the date of the alleged actions giving rise to his Complaint (*i.e.*, March 19, 2019) yet he did not file this action until May 14, 2021, and, therefore, the claims are barred by the applicable two-year statute of limitations. In addition, the § 1983 claims raised against Crispen in Counts I and II are *Heck* barred as discussed above in IV.A. Finally, Mills did not offer any proof of damages. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (plaintiff seeking default judgment "must still offer some proof of damages" before court can decide whether or not to enter default judgment).

Therefore, the Court will deny Mills' motion for default judgment against Crispen. (D.I. 24).

9

## VI.  CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 11); and (2) deny Plaintiff's motion for default judgment as to Kristen Crispen (D.I. 24).

An appropriate order will be entered.